UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTOS MIGUEL VALENZUELA,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | Case No. 19-cv-07827-YGR (PR)<br><br>**ORDER VACATING ORDER OF DISMISSAL; REOPENING ACTION; AND DIRECTING PLAINTIFF TO FILE CERTIFICATE OF FUNDS SIGNED BY AUTHORIZED OFFICER** |

On November 29, 2019, Plaintiff, a state prisoner, filed the present *pro se* prisoner complaint under 42 U.S.C. § 1983.

On that same date, the Clerk of the Court sent a notification to Plaintiff informing him that he did not pay the filing fee or file an *in forma pauperis* ("IFP") application. Dkt. 3. The Clerk provided Plaintiff with a blank IFP application form, along with a return envelope, instructions, and a notification that the case would be dismissed if Plaintiff failed to pay the fee or file the completed application within twenty-eight days.

On December 9, 2019, Plaintiff submitted a completed IFP application and his six-month prisoner trust account statement, but he did not include his Certificate of Funds. Dkt. 4. On that same date, Plaintiff declined magistrate judge jurisdiction. Dkt. 5. Thereafter, this case was reassigned to the undersigned judge. Dkts. 6, 7.

On January 15, 2020, the Clerk sent a second notice to Plaintiff, informing him that his IFP application was deficient because of his failure to file his Certificate of Funds signed by an authorized officer. The Clerk further informed him that his action could not go forward until he filed his Certificate of Funds within twenty-eight days, and that his failure to do so would result in dismissal of this action.

In an Order dated March 9, 2020, the Court dismissed the action without prejudice upon determining that more than twenty-eight days had passed and Plaintiff had not filed his Certificate of Funds. *See* Dkt. 11. However, at the same time the Court's dismissal order was being processed, Plaintiff filed an extension of time request as well as another IFP application. Dks. 9, 10. Plaintiff claimed that he was put on "suicide watch" on February 1, 2020 and that he "was given [his] legal mail from this Court late." Dkt. 9 at 1. Therefore, Plaintiff requested "to continue [the] case." *Id.* As mentioned, Plaintiff also filed another IFP application and attempted to submit his Certificate of Funds, but Plaintiff signed it himself instead of requesting an authorized officer to do so. *See* Dkt. 10 at 7. As mentioned, the dismissal order was already being processed prior to the e-filing of these aforementioned documents in the Court's electronic case management filing system and, thus, it was processed before a ruling was made on Plaintiff's request for an extension of time.

Accordingly, because of this clerical mistake, the order dismissing the action and judgment hereby are VACATED and the Clerk is directed to reopen the action. *See* Fed. R. Civ. P. 60(a). However, Plaintiff's action still cannot go forward without Plaintiff providing a valid Certificate of Funds.

Plaintiff's request for an extension of time to file his Certificate of Funds is GRANTED. Dkt. 9. No later than **twenty-eight (28) days** from the date of this Order, Plaintiff is directed to file his Certificate of Funds **signed by an authorized officer**. **The failure to do so will result in dismissal of this action without any further warning to Plaintiff.**

This Order terminates Docket No. 9.

IT IS SO ORDERED.

Dated: March 31, 2020

_____
YVONNE GONZALEZ ROGERS
United States District Judge

2