UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTOS MIGUEL VALENZUELA,<br><br>  Plaintiff,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>  Defendants. | Case No. 19-cv-07827-YGR (PR)<br><br>**ORDER OF DISMISSAL WITHOUT PREJUDICE** |

## I. INTRODUCTION

Plaintiff, a state prisoner, filed the present *pro se* prisoner complaint under 42 U.S.C. § 1983. Plaintiff submitted a completed *in forma pauperis* ("IFP") application and his six-month prisoner trust account statement, but he did not include his Certificate of Funds. Dkt. 4. Thereafter, this case was dismissed without prejudice based on IFP deficiency due to Plaintiff' failure to provide his Certificate of Funds even though he was granted multiple extensions of time to do so. Dkt. 11. However, at the same time the Court's dismissal order was being processed, Plaintiff filed an extension of time request as well as another IFP application. Dkts. 9, 10. Plaintiff had also filed another IFP application and attempted to submit his Certificate of Funds, but Plaintiff signed it himself instead of requesting an authorized officer to do so. *See* Dkt. 10 at 7. As mentioned, the dismissal order was already being processed prior to the e-filing of these aforementioned documents in the Court's electronic case management filing system and, thus, it was processed before a ruling was made on Plaintiff's request for an extension of time. Therefore, because of this clerical mistake, the Court vacated the order dismissing the action and directed the Clerk of the Court to reopen the action. Dkt. 14 at 2.

Plaintiff has since filed the required documents in support of his IFP motion, and thus that motion will be granted in a separate written Order.

The Court will now review the instant complaint, and for the reasons explained below, the complaint is DISMISSED without prejudice.

## II. DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Plaintiff's Claims

Plaintiff alleges that when he appeared before the Board of Parole Hearings on an unknown date, he was "denied parole as a youth offender under 25 years [old] . . . due to an illegal law that is preventing me to qualify for parole . . . ." Dkt. 1 at 3. It seems that Petitioner is arguing that he should be entitled to qualify for parole because he is a youthful offender, presumably referring to California Senate Bill 260. California Senate Bill 260 added section 3051 to the California Penal Code, effective January 1, 2014, and established a parole eligibility mechanism for juvenile offenders who were under eighteen years of age at the time of their controlling offense and who have certain sentences. *See* 2013 Cal. Legis. Ch. 312 (S.B. 260) (West); Cal. Pen. Code § 3051.[1] Petitioner therefore seems to be arguing that his continued incarceration is in violation of section 3051 of the California Penal Code. However, Petitioner misconstrues the relief that section 3051 provides youth offenders. Section 3051 provides youth offenders, in certain circumstances, a parole hearing by the parole board for the purpose of reviewing the youth offender's parole suitability. Section 3051 does not require an offender's

---

[1] Section 3051 by California Senate Bill 261 was subsequently amended to extend youth offender parole hearings, in certain circumstances, to any prisoner who was under 23 years of age at the time of his or her controlling offense. *See* 2015 Cal. Legis. Serv. Ch. 471 (S.B. 261) (West).

immediate or earlier release from confinement simply because the offender meets the criteria of youth offender under section 3051. Here, Petitioner does not assert that he has been denied a youth offender parole hearing provided for by Senate Bill 260. In fact, he seems to allege that he had his parole hearing, but parole was denied. *See* Dkt. 1 at 3. He now requests the following:

> (1) I want [the] [California Department of Corrections and Rehabilitation ("CDCR")] to qualify me for early parole based on the immaturity of the brain . . . not maturing till your [sic] an adult 25 years old[; and]
>
> (2) I pray this Court grant me relief and order [the] CDCR to parole me early and qualify me and not discriminate against me.

*Id.* Any claim by a prisoner attacking the fact or duration of his custody pursuant to a criminal conviction or sentence must be brought by way of a petition for a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see Jones v. Cunningham*, 371 U.S. 236, 241-43 (1963) (holding petitioner on parole is in custody for purposes of habeas corpus review). Consequently, where a prisoner raises a claim challenging the legality or duration of his parole status, such claim must be brought in a petition for a writ of habeas corpus. *See Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) (holding claim challenging decision finding prisoner ineligible for parole must be brought in habeas corpus). Here, Plaintiff claims he is entitled to release on "early parole." Dkt. 1 at 3. Consequently, he is seeking habeas relief. A civil rights complaint seeking habeas relief is subject to dismissal without prejudice to the prisoner's bringing his claim in a petition for a writ of habeas corpus. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995). Accordingly, the instant complaint is hereby DISMISSED, without prejudice to Plaintiff's refiling his claims in a petition for a writ of habeas corpus after he has exhausted those claims in the state courts.

### III.  CONCLUSION

For the foregoing reasons, the complaint is DISMISSED without prejudice. The Clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

Dated: 10/30/2020

_____
YVONNE GONZALEZ ROGERS
United States District Judge