UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTOS MIGUEL VALENZUELA,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>    Defendants. | Case No. 19-cv-07827-YGR (PR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |

**I.   INTRODUCTION**

This is a closed civil rights action. Plaintiff, a state prisoner, had filed a *pro se* prisoner complaint under 42 U.S.C. § 1983. Dkt. 1. On October 30, 2020, the Court dismissed this action without prejudice to Plaintiff's refiling his claims in a petition for a writ of habeas corpus after he has exhausted those claims in the state courts. Dkt. 20.

Before the Court is Plaintiff's motion entitled, "Motion to Oppose [the] Court['s] Order of Dismissal Without Prejudice." Dkt. 22. The Court construes Plaintiff's motion as a request for reconsideration of the Court's order dismissing his action on October 30, 2020, pursuant to Federal Rule of Civil Procedure 60(b). Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion for the reasons set forth below.

**II.   BACKGROUND**

The following background is taken from the Court's October 30, 2020 Order:

> Plaintiff alleges that when he appeared before the Board of Parole Hearings on an unknown date, he was "denied parole as a youth offender under 25 years [old] . . . due to an illegal law that is preventing me to qualify for parole . . . ." Dkt. 1 at 3. It seems that Petitioner is arguing that he should be entitled to qualify for parole because he is a youthful offender, presumably referring to California Senate Bill 260. California Senate Bill 260 added section 3051 to the California Penal Code, effective January 1, 2014, and established a parole eligibility mechanism for juvenile offenders who were under eighteen years of age at the time of their controlling offense and who have certain sentences. *See* 2013 Cal. Legis. Ch. 312 (S.B. 260)

> (West); Cal. Pen. Code § 3051.[FN 1] Petitioner therefore seems to be arguing that his continued incarceration is in violation of section 3051 of the California Penal Code. However, Petitioner misconstrues the relief that section 3051 provides youth offenders. Section 3051 provides youth offenders, in certain circumstances, a parole hearing by the parole board for the purpose of reviewing the youth offender's parole suitability. Section 3051 does not require an offender's immediate or earlier release from confinement simply because the offender meets the criteria of youth offender under section 3051. Here, Petitioner does not assert that he has been denied a youth offender parole hearing provided for by Senate Bill 260. In fact, he seems to allege that he had his parole hearing, but parole was denied. *See* Dkt. 1 at 3. He now requests the following:
>
> > (1) I want [the] [California Department of Corrections and Rehabilitation ("CDCR")] to qualify me for early parole based on the immaturity of the brain . . . not maturing till your [sic] an adult 25 years old[; and]
> >
> > (2) I pray this Court grant me relief and order [the] CDCR to parole me early and qualify me and not discriminate against me.
>
> *Id.* Any claim by a prisoner attacking the fact or duration of his custody pursuant to a criminal conviction or sentence must be brought by way of a petition for a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see Jones v. Cunningham*, 371 U.S. 236, 241-43 (1963) (holding petitioner on parole is in custody for purposes of habeas corpus review). Consequently, where a prisoner raises a claim challenging the legality or duration of his parole status, such claim must be brought in a petition for a writ of habeas corpus. *See Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) (holding claim challenging decision finding prisoner ineligible for parole must be brought in habeas corpus). Here, Plaintiff claims he is entitled to release on "early parole." Dkt. 1 at 3. Consequently, he is seeking habeas relief. A civil rights complaint seeking habeas relief is subject to dismissal without prejudice to the prisoner's bringing his claim in a petition for a writ of habeas corpus. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995). Accordingly, the instant complaint is hereby DISMISSED, without prejudice to Plaintiff's refiling his claims in a petition for a writ of habeas corpus after he has exhausted those claims in the state courts.
>
> [FN 1]: Section 3051 by California Senate Bill 261 was subsequently amended to extend youth offender parole hearings, in certain circumstances, to any prisoner who was under 23 years of age at the time of his or her controlling offense. *See* 2015 Cal. Legis. Serv. Ch. 471 (S.B. 261) (West).

Dkt. 20 at 2-3.

In his motion for reconsideration, Plaintiff claims as follows: "There[']s a clerical error in this petition; I filed this under SB 1308 PC 3051 Youth Offender under 25 yrs. Not SB 260."

1  Dkt. 22 at 1.  It seems that Plaintiff is referring to California *Assembly*[1] Bill 1308 ("AB 1308"),

2  which requires youth offender parole hearings for felons who were twenty-five years of age or

3  younger at the time of the crime.  *See* Cal. Assembly Bill No. 1308, Chapter 675 at § 1; Cal.

4  Penal Code § 3051(b), *as amended by* Stats. 2017, ch. 675, § 1.  In Plaintiff's complaint, he writes:

5  "SB 1308 under Penal Code [§] 3051 was passed and I[']ve been denied parole as a Youth

6  Offender under 25 years and under due to [an] illegal law that is preventing me to qualify for

7  parole due to controlling offense . . . ."  Dkt. 1 at 3.  However, it matters not whether Plaintiff was

8  referring to SB 260 or AB 1308.  The record shows that this action was dismissed because

9  Plaintiff was seeking habeas relief by claiming that he was entitled to release on "early parole."

10  Dkt. 20 at 3 (citing to Dkt. 1 at 3).  As mentioned, since Petitioner was raising a claim challenging

11  the legality or duration of his parole status, the Court determined that such claim could not be

12  raised in a civil rights complaint but instead must be brought in a petition for a writ of habeas

13  corpus.  *See id.* (citing Butterfield, 120 F.3d at 1024); *see also Trimble*, 49 F.3d at 586.  Nowhere

14  in his motion for reconsideration does Plaintiff challenge the Court's dismissal of his complaint

15  for this reason.  *See* Dkt. 22.

16  Rule 60(b) of the Federal Rules of Civil Procedure provides for reconsideration only upon

17  a showing of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered

18  evidence which by due diligence could not have been discovered before the court's decision;

19  (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or

20  (6) any other reason justifying relief.  *See* Fed. R. Civ. P. 60(b); *School Dist. No. 1J*, 5 F.3d at

---

[1] Plaintiff indicates that he was referring to "SB 1308," which the Court assumes to mean "California *Senate* Bill 1308."  Dkt. 22 at 1.  However, no California *Senate* Bill 1308 exists—only California Senate Bills 620 and 621 are relevant here.  Senate Bill 260, which established a parole process for youthful offenders who were under age 18 at the time of their commitment offense and eliminated the Board's authority to set base terms for these offenders, became effective on January 1, 2014.  *See* Cal. Senate Bill No. 260, Chapter 312 §§ 3, 4; Cal. Penal Code, § 3046(c).  On January 1, 2016, the scope of youthful offender parole was expanded to offenders who were under the age of 23 when they committed their offenses.  *See* Cal. Senate Bill No. 261, Chapter 471 at § 1; Cal. Penal Code § 3051, *as amended by* Stats. 2015, ch. 471, § 1; Cal. Penal Code § 4801(c), *as amended by* Stats. 2015, ch. 471, § 2.  Under Senate Bills 260 and 261, a youthful offender found suitable for parole release is entitled to immediate release once his parole grant becomes final.  Cal. Penal Code § 3046(c), *as amended by* Stats. 2013, ch. 312.  However, there exists a state statute named *Assembly* Bill 1308, which is what the Court assumes Plaintiff is referring to.  *See* Assembly Bill No. 1308, Chapter 675 at § 1.

1263. Subparagraph (6) requires a showing that the grounds justifying relief are extraordinary; mere dissatisfaction with the court's order or belief that the court is wrong in its decision are not adequate grounds for relief. *See Twentieth Century - Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981). Here, Plaintiff does not make a showing of mistake, inadvertence, surprise or excusable neglect. He does not set forth any newly discovered evidence, fraud, or any grounds for finding that the judgment is void or has been satisfied. Nor does he set forth any other reason justifying relief. Rather, it seems that Plaintiff is attempting to point out a clerical error. However, such an error does not have any bearing on whether he is entitled to reconsideration of the Court's dismissal of his complaint because he was seeking habeas relief in a civil rights action. In addition, the Court notes that the dismissal was without prejudice to refiling his claims in a petition for a writ of habeas corpus after he has exhausted those claims in state court. And, to the extent that Plaintiff argues that the decision of the Court was wrong—such arguments may be properly advanced on appeal, they are not a basis for reconsideration. *See id.* (motions for reconsideration are not a substitute for appeal or a means of attacking some perceived error of the court). Accordingly, Plaintiff's motion for reconsideration is DENIED.

This Order terminates Docket No. 22.

IT IS SO ORDERED.

Dated: June 14, 2021

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge